**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RANDALL J. LANHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-2159-SMY** |
| | ) | |
| **NYMOX PHARMACEUTICAL CORP., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**YANDLE, Chief District Judge:**

Pending before the Court is Defendants Computershare Investor Services and Nymox Pharmaceutical Corporation's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. 18). For the following reasons, Defendants' motion is **GRANTED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED.**

## <u>Background</u>

Plaintiff Randall Lanham, a California licensed attorney currently residing in Illinois, brings this action against Nymox Pharmaceutical Corporation ("Nymox"), Computershare Investor Services ("Computershare"), Nymox CEO Paul Averback, and 50 John Doe defendants. Nymox is pharmaceutical company currently organized under the laws of the Bahamas as an International Business Company with its principal place of business in Quebec (Doc. 18-2). Computershare is incorporated in Canada and has its primary place of business in Toronto (Doc. 18-3).

Lanham served as COO, secretary, and general counsel[1] of Nymox from 2015 until his services were terminated in June 2023 (Doc. 1 ¶ 15). He was also elected by shareholders to serve on Nymox's board of directors every year from 2006 to 2022 (*Id.* ¶ 16).

In the Complaint, Lanham alleges: He was compensated for his services with both cash payments and shares of Nymox common stock; In June 2023, he asked Computershare, who serves as Nymox's transfer agent, to transfer 825,000 of these shares to his brokerage account; Computershare informed Lanham that Nymox had placed a legal claim on the disputed shares, thereby preventing any transfer (Doc. 1-1 at 16); in addition to the disputed shares, he was owed $67,500 in compensation as of the date of his termination, which Nymox has refused to pay. Lanham also alleges that Nymox issued multiple false and misleading press releases on its website with the intention of causing him reputational and professional harm.

Based on these allegations, Lanham originally filed suit against Defendants in the Central District of California on April 19, 2025, asserting claims of conversion, breach of fiduciary duty, conspiracy, breach of contract, defamation, and indemnity (Doc. 18-2 at 5-20). His claims against Nymox and Computershare were dismissed on August 22, 2025, for lack of personal jurisdiction (*Id.* at 22). Specifically, that court found that Lanham's claims were unrelated to Nymox's business activities in California and that he had not established Computershare generally served as a transfer agent for California shareholders. (*Id.* at 26-28).

Following voluntary dismissal of his remaining claims in the California action, Lanham filed his Complaint herein on December 8, 2025, in which he again asserts claims for conversion, breach of fiduciary duty, conspiracy, breach of contract, defamation, and indemnity against Nymox, Computershare, and Averback.

---

[1] The parties dispute whether Lanham provided his services under an employment contract or whether Nymox merely retained him through his law firm, but all agree Lanham served as general counsel (Doc. 18-1 at 3).

Nymox and Computershare move to dismiss Plaintiff's claims against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2). They argue that due to the jurisdictional determination in the California action, collateral estoppel precludes a finding of personal jurisdiction in this case. Alternatively, they argue this Court lacks jurisdiction over them because they are neither incorporated nor have their principal place of business in Illinois, and the conduct giving rise to Lanham's claims neither took place in nor was directed towards Illinois.

## Legal Standard

Although a Complaint need not include facts alleging personal jurisdiction, once a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that personal jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When, like here, the Court rules on a Rule 12(b)(2) motion without an evidentiary hearing, a plaintiff need only establish a "prima facie case of personal jurisdiction." *Id.* The Court may consider affidavits from both parties when determining whether a plaintiff has met its burden. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).

A federal court sitting in diversity looks to the personal jurisdiction laws of the state in which the court sits to ascertain its jurisdiction. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992). The Illinois long-arm statute authorizes personal jurisdiction to the maximum extent allowed by the Illinois and United States Constitutions. There is no operative distinction between Illinois and federal due process limits on the exercise of personal jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714-15 (7th Cir. 2002). Thus, consistent with the Due Process Clause, courts may exercise personal jurisdiction over a defendant when that defendant has "continuous and systematic" contacts with the state (general personal jurisdiction), or when the

defendant has purposefully directed his activities towards the forum state and the plaintiff's claims arise out of the defendant's contacts with that state. *Tamburo v. Dworkin*, 601 F.3d 693, 701-02 (7th Cir. 2010).

**Discussion**

The jurisdictional determination in the California action has no preclusive effect on the Court's decision in this case. While there is considerable overlap between the facts relevant to the jurisdictional analysis in both cases, a finding that California lacked personal jurisdiction over Defendants is not dispositive of whether jurisdiction is proper in Illinois. *See Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981) ("[A] dismissal for want of jurisdiction … would merely preclude relitigation of the issue of whether the *first tribunal* had jurisdiction.") (emphasis added).

The order of dismissal in the California action noted that Computershare's decision to block the transfer of shares "likely took place in Toronto" (Doc. 18-2 at 26). However, under Illinois law, collateral estoppel only applies to a factual finding when that finding was necessary for the prior court to render its judgment. *Wells v. Coker*, 707 F.3d 756, 762 (7th Cir. 2013) ("When there is any uncertainty regarding whether a specific factual finding was absolutely necessary, issue preclusion does not apply.") (internal quotation omitted). It was not necessary for the Central District of California to decide whether Defendants' alleged conduct occurred in Toronto – it was only necessary to determine that it did not occur in California. Because collateral estoppel does not apply, this Court will consider the parties' jurisdictional arguments in the first instance.

Personal jurisdiction is decided as to each defendant separately. *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980). Here, Lanham's claims arise either from Defendants' alleged failure to

transfer shares to his personal brokerage account or from allegedly defamatory statements contained in press releases and criminal complaints. The Court finds that none of the alleged actions are sufficient to establish specific personal jurisdiction in Illinois.[2]

**Computershare**

Lanham argues that Computershare purposefully availed itself of the benefits of this State by sending communications to Nymox shareholders who lived in Illinois and soliciting their participation in shareholder meetings through use of its website. When determining personal jurisdiction, the Court looks to "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. As such, Lanham does not establish that Computershare specifically targeted Illinois—only that it sent correspondence to shareholders who happened to reside in Illinois. But Computershare does not subject itself to the jurisdiction of every state in which such shareholders reside simply by sending communications and correspondence to them. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014).

Lanham notes that Computershare has two offices in Illinois and that in his capacity as an officer of Nymox, he referred certain shareholder inquiries to one of these Illinois offices. However, his claims against Computershare do not arise from those communications; rather, they arise from Computershare's decision not to transfer the relevant shares to Lanham's personal brokerage account. Similarly, Lanham's contention that Computershare and its regional affiliates act as a single enterprise is irrelevant. The "enterprise" would be headquartered in Cananda, and none of its alleged actions on which Lanham's claims are based were directed at Illinois.

---

[2] Because Lanham does not argue that Nymox or Computershare are incorporated or have their principal place of business in Illinois, the Court limits its discussion to specific personal jurisdiction.

Lanham has failed to establish that this Court has personal jurisdiction over Computershare. Accordingly, his claims against this defendant will be dismissed.

**Nymox**

As to Nymox, Lanham first argues that Nymox is subject to this Court's jurisdiction because Computershare's actions described above were undertaken while acting as Nymox's agent. As previously explained, Computershare's actions were not directed towards Illinois. Thus, even if Computershare's actions could be imputed to Nymox under a theory of agency, that would not be sufficient to establish personal jurisdiction in Illinois.

Next, citing *Calder v. Jones*, 465 U.S. 783 (1984) and *Wesly v. Nat'l Hemophilia Found.*, 148 N.E.3d 221 (2020), Lanham contends that Nymox availed itself of this forum by publishing allegedly defamatory press releases regarding him on its website with the intention of causing him to suffer reputational harm in Illinois. Both cases are inapposite.

*Calder* involved an article in a national publication concerning the California activities of a famous California resident, and *Wesly* involved a defendant who intentionally and directly emailed a statement about the professional conduct of one Illinois resident to another Illinois resident. *Calder*, 465 U.S. at 788; *Wesly*, 148 N.E.3d at 231. In this case, Nymox's press release cannot reasonably be read as intending any harm to Lanham's professional reputation in Illinois. It was issued in Irvine, California and accuses Lanham of ethical violations in California, the only state in which he is licensed to practice law.

Finally, Lanham argues Nymox availed itself of this forum by filing a criminal complaint against him with the Fairview Heights, Illinois Police Department. Indeed, Nymox's press release states that it had "filed detailed criminal complaints with various law enforcement agencies at both the state and federal level" (Doc. 27-2 at 30). However, the filing of a criminal complaint is

protected by absolute privilege under Illinois law. *Shea v. Winnebago Cnty. Sheriff's Dep't*, 746 F. App'x 541, 547 (7th Cir. 2018) (citing *Morris v. Harvey Cycle & Camper, Inc.*, 911 N.E.2d 1049, 1055 (Ill. App. Ct. 2009)). As such, this legally privileged conduct cannot give rise to a claim for defamation. *Vincent v. Williams*, 664 N.E.2d 650, 655 (Ill. App. Ct. 1996) ("When absolute privilege attaches, no action for defamation lies, even where malice is alleged."). Consequently, this conduct cannot establish personal jurisdiction. *See Rolle v. Creedon*, 2023 U.S. Dist. LEXIS 252468 (N.D. Ill. Sep. 29, 2023) ("[Defendant]'s statements about [Plaintiff] … are absolutely privileged, meaning that the Court lacks personal jurisdiction over [Defendant].").

Accordingly, Plaintiff's claims against Nymox must also be dismissed.

**Non-Moving Defendants**

Although Defendant Paul Averback and the John Doe Defendants have not appeared and therefore do not join the motion to dismiss, dismissal is still appropriate "where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); see also Burgess v. Michealson, 1993 U.S. Dist. LEXIS 12410, at *4 (N.D. Ill. Sep. 1, 1993) ("A *sua sponte* dismissal may apply to a party prior to service of the complaint, particularly where, as here, plaintiff has had an opportunity to respond to a motion to dismiss."). Here, Plaintiff's claims against Averback arise from his alleged role in authorizing or permitting Nymox's alleged tortious conduct. Because Nymox's alleged conduct was not directed towards Illinois, these allegations cannot support specific personal jurisdiction against Averback.[3]

Plaintiff's sole allegation against the John Doe Defendants is that they were the successors or alter egos of either Nymox, Computershare, or Averback. An alter ego claim cannot

[3] Plaintiff alleges Averback is a resident of Monaco. As such, general personal jurisdiction does not apply.

independently establish personal jurisdiction when the underlying defendant is not subject to personal jurisdiction. *PNC Bank v. Rising Sun Holdings, Inc.*, 2019 U.S. Dist. LEXIS 233471, at *3-4 (N.D. Ill. Mar. 29, 2019) ("[T]he alter ego theory is inapplicable where the defendant does not take any action in the forum state."). Because Lanham's claims against the non-moving defendants are derivative of his claims against Nymox and Computershare, and because these defendants are all similarly-situated to the moving defendants, his claims against Defendant Averback and the John Doe Defendants will be dismissed as well.

**Conclusion**

For the foregoing reasons, Defendants Nymox and Computershare's Motion to Dismiss (Doc. 33) is **GRANTED**. Plaintiff's Complaint (Doc. 1) is **DISMISSED** in its entirety without prejudice.[4] All pending motions are **TERMINATED** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: September 28, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**

[4] Because Plaintiff may be able to bring his claims in another forum, a final dismissal without prejudice is appropriate. *See Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022) (noting that a dismissal without prejudice which "signal[s] clearly that the district court has finished with the case but is leaving open the possibility that the parties may pursue the dispute in another forum…. [is] final for purposes of appeal").